AMENDED BLD-134                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3510
_____

AMRO N. ELKABANY,
                    Appellant

v.

LOUIS C. SHAPIRO, Individual capacity; LYNN M. CASTILLO, ESQ. Individual
capacity, for conspiracy and fraud upon the court; SALEM COUNTY COURT STAFF,
Individual capacity; UNNAMED APPELLATE DIVISION OFFICERS, Individual
capacity; UNNAMED SUPREME COURT OFFICERS, Individual capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:25-cv-17950)
District Judge: Honorable Christine P. O'Hearn
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 14, 2026

Before: KRAUSE, MATEY, and BOVE, *Circuit Judges*

(Opinion filed: June 17, 2026)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Amro Elkabany, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint. We will summarily affirm.

This case arises from Appellant's dissatisfaction with the outcome of his divorce proceedings in New Jersey state court. On June 27, 2025, following a multi-day trial, Judge Louis C. Shapiro entered a final judgment of divorce which, inter alia, ordered the sale of Elkabany's former marital home and required him to pay spousal support and his ex-wife's legal fees. Elkabany subsequently appealed to the Appellate Division of the New Jersey Superior Court.

Shortly after filing that appeal, Elkabany filed a complaint pursuant to 42 U.S.C. § 1983 against Judge Shapiro and Lynn Castillo—the attorney who represented his ex-wife—in the District Court for the District of New Jersey. The District Court dismissed that complaint pursuant to 28 U.S.C. § 1915(e)(2) and we affirmed. *Elkabany v. Shapiro*, No. 1:25-cv-12719, 2025 WL 2680655 (D.N.J. July 10, 2025), *aff'd*, No. 25-2322, 2025 WL 2658990 (3d Cir. Sept. 17, 2025) (per curiam), *cert. denied*, 146 S. Ct. 984 (2025). Approximately two months later, Elkabany filed this § 1983 complaint alleging that Judge Shapiro, Castillo, and unidentified court personnel violated his constitutional rights through actions they took during his divorce proceedings.

The District Court again sua sponte dismissed his complaint under 28 U.S.C. § 1915(e)(2), noting that the complaint "is functionally nothing more than a second amended complaint in the previous action" because it "rehashes the same events," asserts

2

duplicative claims against the same defendants, and largely seeks the same relief.[1]

Elkabany timely appealed. He has filed a litany of documents in support of his appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over a District Court's sua sponte dismissal of a complaint under § 1915(e). *See Dooley v. Wetzel*, 957 F.3d 366, 373 (3d Cir. 2020). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). We may summarily affirm if the appeal fails to present a substantial question. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

As we stated in Elkabany's first appeal, we agree with the District Court's dismissal of his complaint. *See Elkabany*, 2025 WL 2658990, at *1. The reasoning in that opinion applies in full here, and we need not reiterate it in depth. We agree with the District Court that Elkabany's claims against Judge Shapiro are barred by judicial immunity, as all actions at issue in the complaint were taken in his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (explaining that a judge is immune from liability for all actions taken in his judicial capacity, *even those alleged to have been done maliciously or corruptly*, unless such action is taken in the absence of all jurisdiction). We also agree that Elkabany's claims against Castillo fail because she was not acting under color of state law within the meaning of § 1983 when representing his

---

[1] Because the complaints were so similar, the District Court directed the Clerk to also file the complaint in this case in the previous matter, No. 1:25-cv-12719.

ex-wife during the divorce. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981) (stating that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"). Further, the District Court correctly explained that Elkabany has "not pleaded *any* facts that plausibly allege" a conspiracy between the defendants. ECF 10 at 3 n.1 (emphasis added).

We have not yet had occasion to address two aspects of the District Court's dismissal order and will do so here. First, we agree that Elkabany's claims against the "Salem County Court Staff" and other "unnamed" court personnel involved in his divorce proceedings are barred by quasi-judicial immunity. *See Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 772-73 (3d Cir. 2000). Second, the District Court properly applied the *Rooker-Feldman* doctrine to Elkabany's claim of fraud upon the court. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

To the extent that Elkabany seeks review of the divorce judgment in federal court, the *Rooker-Feldman* doctrine bars such relief. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). He contends that the District Court erred in "dismissing" his complaint based on the *Rooker-Feldman* doctrine because his injuries arise from "fraud, conspiracy, and procedural manipulation." Not so. The District Court dismissed the complaint largely for the reasons stated above. The court properly applied

4

the *Rooker-Feldman* doctrine to Elkabany's claim of fraud upon the court because—as Elkabany himself recognizes—success on that claim would "render[] the underlying judgment void." *See* ECF 1 at 8; *see also Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 173 (3d Cir. 2010) (explaining that the *Rooker-Feldman* doctrine prohibits appellate review where the plaintiff seeks "to have the state-court decisions undone or *declared null and void*" (emphasis added)).

Accordingly, we will summarily affirm the District Court's judgment. Appellant's emergency motion and various requests for other relief are denied.